### CULLUM, *et al.* v. BÁTRE, EXECUTRIX OF BATRE.

1. When partners, who are also joint mortgagors, convey the mortgaged estate to a subsequent purchaser, and one of them dies pending the suit for foreclosure, it is unnecessary to make his personal representatives or his heirs at law, parties to the proceedings. As the debt survives against the other partners, they are competent parties to contest the complainants demand, and to state an account.

2. *Heretofore*, the practice of allowing one defendant in a chancery suit to sue out a writ of error and assign errors, has been acquiesced in, without adverting to the evil which must arise when successive writs of error are sued out by more than one defendant.

3. *Hereafter*, if one defendant, when there are more defendants than one, shall sue out a writ of error in a chancery cause, the same shall be dismissed unless sued out in the name of all the defendants. Each of the defendants, when plaintiffs in error, in such a cause, may usually assign errors in the decree affecting his interests, without joining his co-plaintiffs in error.

BATRE filed his bill, in the Chancery Court of the first district of the Southern Division, praying the foreclosure of a mortgage, and the sale of the mortgaged estate. The mortgage was executed by Burlen Brown and Thomas S. Cowley to George J. S. Walker, to secure the payment of certain notes executed by them as partners: these notes were afterwards assigned to Batre, the complainant's testator. Brown & Cowley, after the execution of the mortgage to Walker, conveyed the mortgaged premises to the defendant, Cullum, who was in possession when the bill was filed. Gascoigne is made a defendant, and the bill charges that he claims some interest in the mortgaged premises, subject however to the complainant's mortgage. Brown, Cowley, Cullum and Gascoigne, are made defendants; against the three first, the bill was taken as confessed, for want of an answer; the last named defendant answered the bill, setting up an incumbrance created by Brown, subsequent to the mortgage, and submitting to a decree protecting his rights. An account was taken before the Master, who reported six thousand six hundred and

Cullum, *et al.* v. Batre, Executrix of Batre.

fifty seven dollars due to the complainant; and one thousand eight hundred and eighty-nine dollars due to Gascoigne, but giving priority to the former.

The Chancellor decreed a sale of the mortgaged premises, to satisfy the debt due to Batre; and directed the overplus of the moneys arising from the sale, to be brought into Court.   The writ of error is sued out in the name of all the defendants.

STEWART, who appeared as the counsel for Cullum and Brown, suggested the death of Cowley, and asked for an abatement of the writ of error; and if the Court should not consider the writ of error as abated by the death of Cowley, then, he moved to be allowed to assign errors in the name of Cullum and Brown, he representing them only, and their interest being adverse to that of Gascoigne, the other plaintiff in error.

CAMPBELL, contra.

GOLDTHWAITE, J.—1. When a mortgagor has parted with all his interest in the estate mortgaged, by a subsequent sale and conveyance of the equity of redemption, the only reason why he is a necessary party to the suit for foreclosure, is, that he may contest the complainant's demand, and state an account with him of what is due on the debt for which the mortgage is a security. In this case, the debt survives against Brown, the partner of Cowley, and he alone is interested as the surviving partner in stating the account with the complainant: therefore; if it is conceded that a mortgagor who has parted with the equity of redemption, or, in the event of death, his personal representatives should be a party defendant to a suit for the foreclosure of the mortgage, then there is the proper representative of Cowley before the court, as Brown the surviving partner, is alone competent to close the partnership business.   The writ of error does not therefore abate by the death of Cowley.

2. The motion of Cullum and Brown to be allowed to assign errors, independent of Gascoigne, their co-plaintiff, must be granted, as any other course might be productive of delay.   We do not consider the proceeding of summons and severance, as

properly applicable to a writ of error, sued out after a decree in a chancery cause, but prefer to settle the proper course to be pursued by a general rule.   In connexion with this subject it may be observed, that the practice of allowing one defendant in a chancery cause, to sue out a writ of error and assign errors, has hitherto been acquiesced in, without the evil having been adverted to, which must arise if successive writs of error were sued out by each defendant.   It would seem to follow from this practice, that where the writ of error is sued out by all the defendants in the cause, they ought not afterwards to be permitted to sever in their assignment of error.   This would, however, produce as great an evil on the other side, as the interests of defendants in a suit of this description, are not unfrequently adverse to each other.

3. We consider it proper to determine the future practice, both as to the mode of suing out the writ of error, and the manner of assigning errors, by rule, which we direct as follows:

ORDERED, that hereafter, if one defendant, when there are more defendants than one, shall sue out a writ of error in a chancery cause, the same shall be dismissed, unless it shall be sued out in the names of all the defendants.   Each of the defendants in any such cause, when plaintiffs in error, may assign errors in the decree affecting his interests, without joining his co-plaintiffs.