## HARPER *vs.* BIBB ET AL.

[MOTION TO DISMISS, AND COUNTER MOTION TO AMEND, APPEAL IN SUPREME COURT.]

1. *Appeal ; how taken by one of several aggrieved parties.*—Regularly, an appeal should be taken in the names of all the parties aggrieved by the judgment of the court below, and if there are any who refuse to join in the assignment of errors, there should be a *summons* and *severance* as to those who refuse to join in assignment of errors, and let the rest proceed alone.

2. *Same ; how may be amended in supreme court.*—And if there are several parties, and the appeal is taken in the name of one only, the appeal will not be quashed or dismissed for this reason, but may be perfected by amendment in the supreme court,—Rev. Code, §§ 4420, 4421.

IN this case, the appellees submitted a motion to dismiss the appeal, and the appellant a counter motion for leave to

perfect the appeal in this court. The Reporter can not find either of the motions on the motion docket, and this, and the fact that the cause is in the hands of one of the judges for decision, prevents a more definite statement of the facts, material to the questions involved, than is already given in the opinion.

THOS. J. JUDGE, for motion to dismiss.
JEFFERSON FALKNER, *contra.*

PETERS, J.—The motion to dismiss the appeal in this case, and the motion to amend, involve the same question. They will therefore be considered together.

The final decree from which this appeal was taken, was rendered on the 24th day of May, 1868, and the bond for appeal bears date the 18th day of February, 1870. This was within two years after the final decree. At that date the appeal was not barred by the statute of limitations.— Rev. Code, §§ 3508, 3485.

Here, the appeal seems to have been taken by "one of the defendants only," where there are several defendants. The Code makes an appeal from any final judgment or decree a "matter of right on the application of either party or their representatives," and prescribes the manner in which the appeal shall be taken.—Revised Code, § 3845. Under this law, appeal takes the place of a writ of error. At common law, on a judgment against several parties, the writ of error must be brought in the names of all the parties, provided all are living and are aggrieved by the judgment. And if the writ of error in such case be brought by one or more of the defendants only, it may be quashed. 2 Tidd's Pr. 1135, 1136, marg. But if a writ of error be brought in the names of several parties, and any one or more of them refuse to appear and assign errors, they must be *summoned* and *severed.* After which the writ of error may be proceeded in by the rest alone.—2 Tidd's Pr. 1136.

The tendency of modern legislation and modern practice has shown an inclination greatly to enlarge the powers of the courts to grant the most liberal amendments, where

they facilitate "right and justice." Where, then, the court has the power to allow the amendment asked, it is never refused, if made in reasonable time.—*Grimm's Adm'r v. Crawford's Adm'r*, 29 Ala. 623 ; 3 Chitt. Gen. Pr. 44, marg.; 1 Bouv. Law Dict., *Amendment*, p. 118. This highly useful and necessary power should be most liberally exercised in a court from which there is no appeal. An error in this tribunal is an injustice without a remedy.

There can be no doubt that an appeal lies in this case. It is a final decree in a court of chancery.—Revised Code, § 3485. Here, an appeal has been taken. This is admitted in the motion to dismiss it. It could not be dismissed if it did not exist. In such a case, the power conferred upon this court is expressed in the following words : "Whenever an appeal shall be taken from the judgment, decree, or other proceeding of any of the courts of this State, to the supreme court of the State, and there shall be any error, mistake, or other inaccuracy or imperfection in taking the appeal, or in the certificate thereof, such appeal shall not be dismissed ; but the same may be amended on motion in the supreme court, in such manner as shall be necessary to perfect the appeal.—Rev. Code, § 4420.

It seems to me that this language completely covers this case, and forbids this court to dismiss this appeal, if the appellant chooses to perfect it. This his motion indicates he is ready to do. The appellant has leave to give a sufficient bond for the costs of the appeal in this case, as required by law.—Rev. Code, § 4421.

The motion to dismiss the appeal is therefore denied, and the motion to perfect the appeal by the necessary amendment is allowed. The appellees will pay the costs of both motions.

NOTE BY THE REPORTER.—The opinion on this motion was delivered at the June term, 1870, but was omitted from the 44th volume of Alabama Reports on account of a want of space.