ROBERT N. BOOTH, plaintiff in error, *vs.* THOMAS P. SAFFOLD, defendant in error.

1. Where A and B entered into a written contract, in which A agrees to sell and make a fee simple title to B to a parcel of land, and B agrees to pay to A, $800 in cash on a fixed day thereafter, and to give on that day his note for $300, due one year thereafter, and B took possession of the land:

*Held,* That the covenants of A to make the deed, and of B to pay the money, were mutual and dependent covenants, and an action would lie in favor of A for the money on his offer to perform, and B thereupon failing or refusing to pay the money.

2. In mutual covenants of this character, it is not necessary that a formal tender shall be made by either party. If one offers to perform his part of the covenant and the other refuses, the right of action is complete, and it is not necessary that the party offering to perform shall prepare the deed and tender the same.

3. If B buy land from A and take possession, he cannot resist the payment of the purchase-money if he has not been disturbed in the possession by showing A's want of title, unless he show that A is insolvent, or show other facts to establish the insufficiency of his warranty.

Covenants. Tender. Warranty. Before Judge ROBINSON. Morgan Superior Court. March Term, 1872.

Thomas P. Saffold brought assumpsit against Robert N. Booth, and alleged that on November 25th, 1867, plaintiff and defendant entered into a written contract, by which plaintiff agreed to make to defendant a fee simple title to a certain house and lot in the town of Madison, in consideration of which said defendant agreed to pay to plaintiff $800 on January 1st, next thereafter, and to give his note for $300,

due December 25th, 1868; that after the making of the said contract said defendant went into possession of said property as the owner thereof; that said defendant has failed, and refused to pay said sum of money, and to give his note; that plaintiff has been, and now is ready to make to said defendant a fee simple title to said house and lot, whenever said defendant will perform his part of said agreement. Prays process may issue, etc.

The defended pleaded: 1st, The general issue; 2d, That the contract sued on was made with the understanding that he was to pay for said property, with the proceeds of a house and lot sold by him to Dr. W. L. Hitchcock; that said Hitchcock has failed to pay said purchase-money which has rendered defendant unable to meet his engagement, thus conditionally entered into; 3d, Paramount title to said property purchased in a person other than plaintiff.

The evidence is unnecessary to an understanding of the decision of the Court, and is therefore omitted.

The jury returned a verdict for the plaintiff for $1,100 principal, $304 24 interest and costs of suit. The defendant moved for a new trial on the following grounds, to-wit:

1st. Because the Court refused to charge as requested, as follows: "That if the jury believe from the evidence that plaintiff did not have a good title to the whole of said property, he, defendant, is not required by law to pay the purchase-money, and then sue upon a breach of the warranty, but may avail himself of plaintiff's not having such a title as a defense to an action against him to recover the purchase-money."

2d. Because the Court erred in charging the jury as follows: "That by the contract the obligations of plaintiff and defendant were concurrent and to be performed at the same time."

3d. Because the Court erred in charging the jury as follows: "That the declaration made to the defendant by the plaintiff, that he was ready and willing to make a deed to

the defendant if he would pay the money, was a sufficient legal tender of the deed."

4th. Because the Court erred in charging the jury as follows: "That the question as to whether or not the plaintiff had a good title to said property has nothing to do with the case."

5th. Because the verdict of the jury is contrary to the following charge of the Court: "By the terms of this contract the plaintiff is bound to make a fee simple title to the premises, and deliver the same to the defendant before the defendant is required to pay to the plaintiff the purchase-money, and unless you believe, from the evidence, that the plaintiff made and tendered to the defendant a fee simple title to the premises, or was prevented from so doing by some act of the defendant, the plaintiff cannot recover."

The motion for a new trial was overruled, and defendant excepted upon each of the aforesaid grounds, and assigns said ruling as error.

BILLUPS & BROBSTON, for plaintiff in error.

A. REESE; JOSHUA HILL, for defendant.

McCAY, Judge.

It is clear to our minds that the written contract between these parties makes the payment of the $800 and the execution of the "fee simple" deed mutual covenants to be performed cotemporaneously. Saffold stipulates that he will make the deed, and the other stipulates that he will pay $800 "in cash" on the first of January then next, and give his note for the balance to be due at a future time. Evidently by the use of the words $800 *in cash* they meant something more than a mere agreement to pay that amount on the first of January then next. The word cash imports some absolute payment at the time the other party acts. Ordinarily it means present payment, but under the circumstances here disclosed it can mean but one thing—that Saf-

Booth *vs.* Saffold.

fold was to make the deed and Booth pay the $800 cotemporaneously—to-wit, on the first of January. In other words, these were to be mutual, dependent acts. The making of the deed on the one side, and the payment of the $800 cash and the giving of the note, on the other side. This is the common sense of the contract, and so, under our law, ought it to be interpreted. See Code, section 4.

Where covenants are mutual and dependent, a right of action accrues to either party on his performance or on his offer to perform, if the performance is defeated by the fault of the other party: Revised Code, section 2822. Nor is it always necessary that the party offering to perform shall go through the form of regular tender. It would often be a great wrong to the party desiring to perform to require him to do this. In ordinary cases, for the payment of money, there must be a tender. But where by the contract both the parties are to do something, perform some definite act, then an offer to perform by one and a refusal to perform by the other, gives a right of action to the party offering to perform. And that is just this case. Saffold was, on his part, to make the deed, the other to *pay the money and give his note.* Saffold was not required to execute the deed and *tender* it to Booth. This would have been useless, since Booth distinctly informed him that he would not perform on his part. He makes a formal offer to perform, and the actual performance is defeated by Booth's fault.

The settled rule, as laid down in the books, gives to the party offering to perform a right of action if the other party declares he will not or cannot perform. In cases where each party has something to do other than the payment of money, no formal tender is required. An offer to do by one and a refusal to do by the other is sufficient: Saunders on Pleading and Evidence, 1st volume, [209.]

On the making of the agreement, the defendant below took possession of the land and he has not been disturbed in that possession. Why should he keep the land and refuse to pay the money? Perhaps he may never be disturbed, and if he

succeeds in his plea he may have the land and not pay the money. This would be grossly unjust, and is not the law. He has Saffold's agreement, and if he fails to perform it he has his right of action on it. If Saffold were insolvent, or non-resident, or any other good reason were shown why the agreement could not be recovered on, equity would interfere. But even then the defendant could not keep the land and refuse to pay the money.

Judgment affirmed.