# Vaughan v. Higgins, Receiver.

*Action on Promissory Note.*

1. *Appeal; in whose name should be taken.*—Where a judgment is rendered against several defendants in the circuit court, an appeal to this court from such judgment by one of the defendants should be taken in the name of all, and not in the name of one of them alone; and the certificate of appeal should show that the appeal was so taken, and the bond should be conditioned for the prosecution of the appeal generally, and not for the prosecution of a separate appeal by one of the defendants.

2. *Practice when appeal not taken in name of proper parties.*—Where an appeal is taken in the name of one instead of all the parties, plaintiff or defendant, it may be dismissed on the motion of the appellee, if made before the submission of the cause, unless a motion to amend the appeal be made within proper time; but if the cause is submitted without objection, on assignments of error by appellant, the settled practice is for this court not to dismiss the appeal *ex mero motu* because of such amendable irregularity or defect, but to proceed to render judgment as if no such defect existed.

3. *Judgment of circuit court on appeal from justice's court; when erroneous.*—One of two defendants against whom a judgment had been obtained before a justice of the peace, having removed the cause by *certiorari* to the circuit court, that court rendered judgment in his favor on a plea of infancy, but against the other defendant, who, without joining in the petition or bond for the *certiorari*, appeared and pleaded, and also against the surety on the *certiorari* bond; *held*, that the rendition of the judgment against the surety was error.

4. *When error is considered as merely clerical.*—On appeal by the surety, such error will be considered by this court as a mere clerical misprision; and it will be here corrected at the cost of the appellant, without remanding the cause.

APPEAL from Coffee Circuit Court.

Tried before Hon. H. D. CLAYTON.

R. T. Higgins, "as receiver of S. A. & D. Williams," the

appellee, having obtained a judgment against Thomas D. Hendricks and P. R. Grimes, before a justice of the peace, Hendricks removed the cause by *certiorari* to the Circuit Court of Coffee county, executing bond, with A. Vaughan, the appellant, as his surety, conditioned, that "if the said Thomas D. Hendricks shall prosecute the said writ of *certiorari* to effect, or failing therein shall pay and satisfy the judgment which shall be rendered by said Circuit Court, then the above obligation to be void." Grimes did not join in the petition for the writ of *certiorari*, but appeared in the Circuit Court and filed a plea. On the trial the jury returned a verdict in favor of Hendricks, on a plea of infancy interposed by him, but in favor of the plaintiff as against Grimes. Thereupon the court rendered judgment against Grimes, and also against the appellant, as the surety on the *certiorari* bond; and from this judgment the appeal was taken, as shown by the certificate of appeal, in the name of Vaughan alone, and not in the name of both defendants, and the condition of the appeal bond is in accordance therewith. The appellant here assigned as error the rendition of said judgment against him, and the cause was submitted, without any objection by the appellee to the form in which the appeal was taken.

J. E. P. FLOURNOY, for appellant.

W. D. ROBERTS, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—Where a judgment is rendered against several defendants in the circuit court, an appeal to this court from such judgment should be taken in the name of *all* of the parties defendant and *not in the name of one* of them alone. In such cases, the certificate of the clerk of the court below should show, that the appeal was taken by the party actually applying for it, in the name of all, and the bond should be conditioned for the prosecution of the appeal generally, and not for the prosecution of a separate appeal by one of the parties.—*Moore v. McGuire*, 26 Ala. 461. If any of the parties aggrieved refuse to join in the assignment of errors, the uniform practice is for the appellant to request a *summons* and *severance* as to them, the cause proceeding afterwards in the name of the party at whose instance the appeal was taken.

Where an appeal is taken in the name of one instead of all of the parties, plaintiff or defendant, as in this case, it may

[Vaughn v. Higgins.]

be dismissed on motion of the appellee made before the submission of the cause, unless a counter motion be made in proper time by the appellant to perfect the appeal by amendment, as now authorized by statute.—*Cullum v. Batre*, 1 Ala. 126; *Harper v. Bibb*, 45 Ala. 670; Code, 1876, §§ 3931-32.

But where, on such appeal, prosecuted by one of several parties, the cause is submitted without objection, and the appellant alone assigns errors, the settled practice is for this court not to dismiss the appeal *ex mero motu* because of such amendable irregularity, or defect, but to proceed to render judgment as if no such defect existed. The submission and joinder in error will be construed as a waiver on the part of the appellee.—*McDowell v. Jones*, 58 Ala. 25–36.

The judgment rendered against the appellant by the Circuit Court was clearly erroneous. Appellant was the surety of Hendricks and not of P. R. Grimes. The condition of this bond was that Hendricks should prosecute his writ of *certiorari* to the justice's court to effect, which he did in the Circuit Court by there obtaining a judgment in his favor. The plea of infancy interposed by Hendricks was sustained, and judgment rendered for him on the merits of the cause. It is true that a judgment was rendered against P. R. Grimes for the debt in controversy, who was one of the makers of the note sued on, but the surety of Hendricks was not responsible for the debt of Grimes.

The case, it may be, was irregularly in the Circuit Court so far as concerned P. R. Grimes, he not having joined in the petition for the *certiorari*. But he filed his plea and went to trial without objection, and took no appeal from the judgment rendered against him in the Circuit Court.

We think the court below erred in rendering a judgment against Vaughan, who is the sole appellant in this court, and as to him the judgment is reversed, but the cause need not be remanded. As to the other parties, who have made no complaint, it is undisturbed.

The error complained of is obviously a mere clerical misprision, and would no doubt have been corrected on application to the Circuit Court by proper motion.—Code, 1876, § 3154. Judgment will, therefore, be rendered in this court, according to the uniform practice in such cases, correcting the judgment of the lower court in this particular, *at the cost of the appellant.* *Gould v. Myer*, 36 Ala. 564; *Drane v. King*, 21 Ala. 556; *Kennedy v. Young*, 25 Ala. 563; *Galle v. Lynch*, 21 Ala. 579; 1 Brick. Dig. p. 105, §§ 327 *et seq ;* *Ford v. Tinchant*, 49 Ala. 567.