# Sellers *v.* Smith.

*Action of Assumpsit.*

1. *Appeal; should be taken in the name of all the parties against whom a judgment is rendered, including sureties on appeal bond.*—Where from a judgment against him in a justice of the peace court, the defendant takes an appeal to the circuit court, and in said court he is again cast in the suit, and judgment

[Sellers v. Smith.]

is rendered both against him and the sureties on his appeal
bond, upon taking an appeal to the Supreme Court from a
judgment of the circuit court, the appeal should be in the
name of the defendant and the sureties; and if taken only in
the name of the defendant, it should be dismissed.

2. *De facto judge; judgment not void.*—Where judgment is rendered
by a circuit court, which was held at the time prescribed by
law, but which was presided over by a *de facto* judge, such
judgment is valid.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. T. S. SAYRE.

This was an action of *assumpsit* brought by the ap-
pellee against the appellant. The facts of the case nec-
essary to an understanding of the present appeal are suf-
ficiently set forth in the opinion.

GOODWYN & MCINTYRE, for appellant.

MARTIN & MARTIN, *contra.*

TYSON, J.—This action was originally brought in a
justice court. Judgment was there rendered against the
defendant from which he appealed to the circuit court,
executing a bond with McIntyre as his surety. In the
circuit court, the defendant was again cast in the suit
and judgment was rendered against him and McIntyre
as provided by the statute.—§ 493 of Code.

This appeal is prosecuted by Sellers alone, and not for
and on behalf of himself and McIntyre. On this ground
a motion to dismiss the appeal is made. This precise
question arose in *Eastland v. Jones* (Minor's Report,
275), which was brought to this Court by writ of error.
On motion the writ of error was quashed because Wal-
lace, surety upon Eastland's appeal bond from justice
court, against whom judgment was rendered by the cir-
cuit court in conformity to the statute, was not a party
to the writ. The Court said: "A motion is now made to
quash the writ of error on the ground of non-joinder of
Wallace. It is contended for the plaintiff in error, that
as Wallace was not an original party to the suit and
only came in as security, the writ was properly sued out
in the name of Eastland alone. We consider the rule as

well settled, that all the parties against whom the judgment was rendered, if living, should join in the writ of error. Wallace was certainly a party to the judgment of the circuit court intended to be reviewed in this Court and he ought to have joined in the writ of error." See also *Vaughn v. Higgins*, 68 Ala. 546, and cases cited in 1 Brickell's Dig. § 101, p. 90.

The same rule obtains where the case is brought here by appeal.—1 Brick. Dig. § 119, p. 91.

The appellant should have taken the appeal in the name of himself and McIntyre, which he had the right to do without the latter's consent. And if McIntyre is unwilling to join in assigning errors, he could be summoned after the case comes to this Court, and, on failure to join after summons, an order of severance could be obtained and appellant could then prosecute his appeal separately.—2 Mayfield's Dig. § 628.

The obvious purpose of the rule is to prevent several parties to a judgment from prosecuting separate appeals to review the same judgment.

The judgment appealed from was rendered by the circuit court presided over by the Hon. T. Scott Sayre, who was a *de facto* judge, and at a time when the court could be legally held. It is, therefore, valid.—*State, ex rel. Attorney-General*, in MS.

The motion to dismiss the appeal must be granted.

Appeal dismissed.

McClellan, C. J., Simpson and Anderson, J.J., concurring.