# Vandiver *v*. Reynolds.

### *Assumpsit.*

(Decided January 18, 1912.   57 South. 462.)

1. *Vendor and Purchaser; Purchase Money; Pleas.*—Where the action is by a vendor for the purchase money of lands, the defense that the vendor has failed to perform, or to offer to perform, or to be ready and willing to perform should be set up by special plea.

2. *Same; Complaint.*—In an acttion by a vendor for the purchase money of land made payable on a certain date, it is not necessary that the complaint should show affirmatively that a deed was executed or tendered, nor that the complaint should negative facts showing necessity for tender of deed before recovery of price.

3. *Same; Independent Covenants.*—Where the contract for the sale of the land stipulates that the purchase money is to be paid on or before a certain date, and that a conveyance is to be executed at a subsequent time, the covenants are independent.

4. *Same; Condition Precedent.*—Where the payment of the purchase money for land sold is conditioned upon the making of a good and sufficient title, the vendor cannot recover damages on a failure to perform such conditions precedent.

APPEAL from Montgomery City Court.
Heard before Hon. GASTON GUNTER.

Action by Walker Reynolds against Henry F. Vandiver to recover the purchase price of lands. Judgment for plaintiff and defendant appeals. Affirmed.

RAY RUSHTON, WILLIAM M. WILLIAMS, and HILL, HILL & WHITING, for appellant. An action will not lie at law to recover the purchase price of real property unless the vendor has executed and delivered a deed to the vendee, and until there has been a conveyance of the title to the vendee, the vendor's measure of damages is the difference between the contract price and the value of the land at the time of the breach.—74 N. Y. App. 169; 29 A. & E. Enc. of Law 719; 94 Ga. 661; 7 M. & W. 474. Until the vendor executes the deed and delivers it to the vendee he is the owner of the property.—*Collins v. Robinson,* 33 Ala. 91; *Johnson v. Collins,* 17 Ala. 318; *Young v. Latham,* 132 Ala. 341; *Smith v. Gordon,* 136 Ala. 495. The contract set up in the compliant is an executory contract to buy and sell, and does not amount to a deed or an instrument conveying title.—Section 3355, Code 1907; *Chapman v. Glassell,* 13 Ala. 50. Plaintiff's failure to allege performance or offer to perform or readiness and willingness to perform was fatal to counts 3 to 6.—*Brady v. Green,* 159 Ala. 482; *Linn v. McLean,* 80 Ala. 360; *Broughton v. Mitchell,* 64 Ala. 210; *Ledyard v. Manning,* 1 Ala. 153. Where the action is to recover the purchase price, the complaint must allege performance on the part of the vendor.—22 A. & E. Enc. P. & P. 675, and authorities supra. In this case the agreement to sell and convey and to buy are dependent, concurrent conditions.—*Broughton v. Mitchell, supra; Glenn v. Rossler,* 156 N. Y. 168. Such covenants are presumed to be dependent unless the contrary intention clearly appears.—1 Pet. 464; 173 Mass. 450, and authorities supra.

LETCHER, McCORD & HAROLD, for appellee. An action at law by the vendor of real estate will lie against the vendee for the purchase price regardless of whether title has passed out or not.—*Bankhead v. Owen,* 60 Ala. 466, and cases cited; *Chapman v. Lee,* 64 Ala. 485; *Micou v. Ashurst,* 55 Ala. 615. Under these authorities it is insisted that the case should be affirmed.

MAYFIELD, J.—But two questions are insisted upon by appellant for a reversal of the judgment of the lower court. These questions are thus stated in brief of his counsel:

First: "An action will not lie at law to recover the purchase price of real property, unless the vendor has executed and delivered a deed to the vendee, and, until there has been a conveyance of the title to the vendee, the vendor's measure of damages is the difference between the contract price and the value of the land at the time of the breach."

Second. "Plaintiff's failure to allege performance on his part, or an offer to perform, or a readiness and willingness to perform, was fatal to counts 3 to 6, inclusive, of the complaint, not only as counts for the recovery of the purchase money, but also for damages, if they could be construed as counts for damages, and not for purchase money."

In order to clearly understand the propositions thus asserted by appellant, it will be necessary to state the case as made by the record, and to which the propositions are sought to be applied.

The appeal is on the record alone, and only the rulings on demurrers to counts 3, 4, 5, and 6 are sought to be reviewed.

It appears from the pleadings that prior to the time of this suit appellant and appellee were partners, and

as such purchased a large plantation, and the necessary live stock, implements, and supplies wherewith to operate it as a farm; that on the 23d day of November, 1910, they made a contract as to the purchase, which was in words and figures as follows: "State of Alabama, Montgomery County. This agreement made and entered into on this, the 23d day of November, by and between H. F. Vandiver, party of the first part, and Walker Reynolds, party of the second part, witnesseth: That for and in consideration of the sum of forty-nine hundred and fifteen dollars to be paid to the party of the second part by the party of the first part, on January 15, 1910, the party of the second part does bargain, sell and convey on the above-mentioned date to the party of the first part, one-half ($\frac{1}{2}$) interest in the farm now owned by H. F. Vandiver and Walker Reynolds, jointly, the said party of the first part to assume all liabilities of the firm of Vandiver & Reynolds, and also to assume the note now due at the Farley National Bank for three thousand dollars ($3,000.00). Signed by the party of the second part, and endorsed by the party of the first part. Same to be turned over to the party of the second part as soon as agreement is terminated. H. F. Vandiver. Walker Reynolds. Witness. * * *"

Appellee sued appellant on account of this contract. The complaint contained six counts. The first two were common counts on an account stated. The third, fourth, fifth, and sixth declared specially upon the contract. The third count, however, merely declared generally, as for the purchase price of a half interest in the farm. The fourth attempted to set out the contract in substance only, while the fifth and sixth set out the contract in hæc verba.

It is alleged in the fifth and six counts that the phrase, "January 15, 1910," should read, "January 15,

1911." The defendant interposed demurrers to each of the special counts, assigning a great number of grounds. All the grounds here insisted upon are those embraced in the two propositions of law first above stated, which are taken from the brief of counsel for appellant. These two propositions find no field for operation in, nor application to, the case made by the pleadings. This is not an action by a vendee against a vendor for failure to convey or to otherwise perform the contract of sale; nor is it a suit by the vendor against the vendee to recover damages for failure or refusal to perform the contract of sale. It is purely and simply an action by the vendor against the vendee for the purchase price of sold land. So far as the complaint shows, the contract relied upon is wholly executed except as to the payment of the purchase price for which alone the action is brought.

If any such defenses are availing as are insisted upon by appellant, they should be brought forward by special pleas. It is not at all necessary that a complaint for the purchase price of land should affirmatively show that a deed had been executed or tendered, as is necessary when the action is to recover damages for the failure to convey or to perform the contract of sale, or when the contract shows that there are conditions precedent to the payment of the purchase price. In other words, this is not an action to recover unliquidated damages for a failure to perform the conditions of a special contract; but it is an action to recover an amount certain, agreed to be paid. Appellant has confused actions of the one kind with those of the other.

The principles of law discussed and applied in the case of *Brady v. Green,* 159 Ala. 484, 48 South. 807, and in the cases therein cited, are therefore not applicable to this case, which is one merely to recover the purchase

price agreed on. If the purchase price should not be paid as agreed for the reasons contended for by the appellant, the facts to show that it should not be so paid should be set up by special pleas. Such facts do not affirmatively appear on the face of this complaint, nor is it at all necessary that the averments should negative such facts.

The rule is well stated by Mr. Warvelle (2 Vendors, § 900, p. 106;) as follows: "Where a contract of sale contains mutual dependent covenants with respect to the payment of the purchase money and the conveyance of the estate, neither party can maintain any action upon it against the other without averring and proving performance or a readiness and willingness to perform, and, according to some authorities, notice to the other party of readiness and willingness. But where the contract stipulates that the purchase money is to be paid on or before a specified day, and that a conveyance is to be executed at a subsequent time, the covenants are independent, and an action may be maintained for the purchase money after the day specified for its payment without making or offering to make a deed. Where the contract contains covenants by the purchaser to pay in installments, the vendor may sue for each installment as it becomes due."

The authority cited in support of the text is a decision of our own court in the case of *Broughton v. Mitchell,* 64 Ala. 210, as follows: "An application of the rule to this contract renders it certain that the payment of the purchase money by Broughton was intended to precede, and was not dependent upon, the making of titles to him by McCall. A day certain—the 1st of January, 1861—is fixed for the payment of the purchase money. No time is fixed for the making of titles. McCall is to make them, when, under the contract with his vendors,

referred to in this contract, he shall have obtained them. Under that contract, McCall could not obtain title until he paid to his vendors the purchase money in full; and such payment he promised, and was bound to make, on the 1st day of January, 1862, 12 months after the time Broughton bound himself to pay McCall the purchase money. It is apparent from the contract itself that the parties could not have contemplated that Broughton's promise to pay the purchase money was dependent on making title to him. The day of payment, they knew, would precede the time when McCall would be able and ready to make title, and the day when Broughton could by right demand it. The case is, then, the one of very ordinary occurrence in this court, in which the vendee of lands, who has made an independent promise for the payment of the purchase money, has been compelled to comply, though title has not been made to him." The special contract set out in counts 5 and 6 in the case at bar falls clearly within the last class mentioned in the above quotation. A conveyance is not at all made a condition precedent to the payment of the purchase price agreed on.

A vendee has no right to refuse to pay the purchase price agreed on in a case like that made by the pleadings here, and remit the vendor solely to an action to recover damages as for "the difference between the contract price and the value of the land at the time of the breach." If he has the option so to do (which we do not decide), the law does not compel him to exercise it in a case like this. The contract price may be less than the value of the land, and hence the vendor could recover no damages, but he may prefer to have the money instead of the land, and he has a right to insist upon its payment as agreed, though it be less than the value of the land sold.

[Robertson v. Tennessee Coal, Iron & Railroad Company.]

Of course, if the payment was conditional upon his making a good and sufficient title to the land, and he had failed to perform this condition precedent, he could not recover the agreed price nor damages; but no such conditions occur in this contract or are set up in the complaint, nor do any facts appear which render it necessary for the complaint to negative such conditions.

It therefore follows that we find no reversible errors in this record, and the judgment appealed from must be affirmed.

Affirmed.   All the Justices concur, save DOWDELL, C. J., not sitting.