### CHASTAIN *v.* PLATT, administrator, *et al.*

1. Where under a contract of sale of land the vendor received an initial payment thereon, and put the purchasers in possession, who were to pay the balance of the purchase-money on or before a named day, and where, under such contract, the vendor was to do nothing more until the balance of the purchase-money was paid, the covenant of the purchasers to pay the balance of the purchase-money was not a covenant dependent upon the conveyance of the land; and the implied covenant of the vendor to convey was an independent covenant. In these circumstances, in an action brought by the vendor to recover the balance of the purchase-money, it was not necessary for him to allege that the vendor had tendered the vendees a conveyance of the land, or had offered to do so.

2. Where possession has been given to and is retained by the vendees, in an action for the purchase-price they can not object that there has been no tender of a conveyance.

3. Where the vendees refused to pay to the vendor the balance due on the purchase-money of the land, such refusal dispensed with the necessity of the tender of a conveyance by the vendor to them.

No. 5963.     MAY 16, 1928.

Certiorari; from Court of Appeals. 36 *Ga. App.* 581.

*W. I. MacIntyre* and *J. E. Craigmiles,* for plaintiff.

*Clifford E. Hay,* for defendants.

HINES, J. This case is in this court upon certiorari brought to review the opinion of the Court of Appeals in *Stanaland* v. *Chastain,* 36 *Ga. App.* 581 (137 S. E. 409). In addition to the facts appearing in the opinion of the Court of Appeals, the plaintiff in his petition alleged that the purchasers had refused to pay the balance of the purchase-money, and that he, under the contract of purchase, after receiving the initial payment on the purchase-price of the land involved, and after putting the purchasers in possession thereof, which the purchasers still retained, "was to do nothing more until the balance of" the purchase-money "was paid."

Where a vendor sues his vendees for a balance due upon the puchase-money of land, the purchasers having paid part of the purchase-money and having taken and retained possession of .the land purchased, is his petition subject to a general demurrer because it fails to allege that he has tendered to the defendants a deed to the property, or that he is able and willing to make title on recovery of judgment and the satisfaction of the same by the defendants, the petition alleging that the purchasers have refused to pay the balance due on the purchase-money, and that the vendor was to do nothing more until the balance of the purchase-money

was paid? The proper answer to this question depends upon whether the covenant of the vendor to convey, and the covenant of the purchasers to pay the balance due on the purchase-money of this land, were dependent or independent covenants, and, if the covenants were dependent, whether performance of the covenant of the seller was waived by the purchasers under the allegations of the petition. If the covenant of the vendor to convey, and that of the purchaser to pay the balance of the purchase-price, were dependent covenants, and performance of the covenant of the vendor has not been waived by the purchasers, then to entitle the vendor to recover the balance of the purchase-money, he must allege a tender of a conveyance, or an offer to convey to the vendees. *Booth* v. *Saffold,* 46 *Ga.* 278. Where the contract is executory, and the covenant of the purchaser to pay the purchase-money is independent of the vendor's agreement to convey, an action by the vendor will lie for the unpaid and overdue purchase-money, although there has been no conveyance or offer to convey on his part to the vendee. 27 R. C. L. 454, § 168; Id. 611, § 365.

Are these covenants dependent, under the allegations of the petition? We are of the opinion that they are not. The petition alleges that after the purchasers paid the initial payment of purchase-money to the vendor, and the latter put the purchasers in possession, the vendor was to do nothing more · until the· full purchase-money was paid. In these circumstances the covenant of the purchaser to pay, and that of the vendor to convey, were not dependent or concurrent. It necessarily follows that a tender of conveyance or an offer to convey, by the vendor to the vendees, was not a condition precedent, performance of which was necessary to enable the vendor to sue for the balance of the purchase-money due on this land. Where by the contract payment is to precede the conveyance, the tender of a deed or an offer to convey is not necessary to an action for the purchase-price. Loud v. Pomona Land &c. Water Co., 153 U. S. 564; Broughton v. Mitchell, 64 Ala. 210; Vandiver v. Reynolds, 174 Ala. 582 (57 So. 462) ; Mayers v. Rogers, 5 Ark. 417; Davis v. Heady, 7 Blackf. (Ind.) 261; U. S. Installment Realty Co. v. DeLancy Co., 152 Minn. 78 (188 N. W. 212) ; Morris v. Sliter, 1 Denio (N. Y.) 59; Adams v. Wadhams, 40 Barb. (N. Y.) 225; Walker v. Hewitt, 109 Ore. 366 (35 A. L. R. 100) ; Parmentier v. Wheat, 33 Pa.

192; Davis *v.* Woodward, 9 S. C. L. 56; Gale *v.* Best, 20 Wis. 44. Where possession has been given to, and is retained by, the vendee, in an action for the purchase-price he can not object that there has been no tender of a conveyance. Weaver *v.* Childress, 3 Stew. (Ala.) 361; George *v.* Stockton, 1 Ala. 126; Helvenstein *v.* Higgason, 35 Ala. 259; Sayre *v.* Mohney, 35 Ore. 141 (56 Pac. 526). This is so for the reason that it would be unjust to permit the purchaser to remain in possession, refuse to pay the purchase-money, and keep the land. *Booth* v. *Saffold,* supra. There is nothing to the contrary of what we now hold, in *Morris* v. *McKee,* 96 *Ga.* 611 (24 S. E. 142), or in *Taylor* v. *Fowler,* 155 *Ga.* 654 (118 S. E. 212). In the first of these cases the covenants were held to be mutual and dependent covenants; and in the latter case the court was dealing with a plea in which the purchaser set up an outstanding title in a third party and the insolvency of the vendor, coupled with an offer on the part of the purchaser to rescind the trade and surrender possession.

Furthermore, under the allegations of the petition, a tender of a deed by the vendor to the vendees was waived by the conduct of the purchasers. The petition alleges that the purchasers refused to pay to the vendor the balance due on the purchase-money of this land. This refusal of the purchasers to pay the purchase-money waived or dispensed with a tender of conveyance by the vendor to the purchasers, even if such tender was in the first instance a condition precedent to the vendor's right to sue for the balance of the purchase-money due; and the purchasers can not thereafter set up such default as a bar to performance by them of their agreement to pay the purchase-money. The purchasers rendered futile a tender of a deed by the vendor, by their refusal to pay the balance due on the purchase-money; and ordinarily this dispenses with tender as a condition precedent to the right of the vendor to sue for the purchase-money. *Miller* v. *Watson,* 139 *Ga.* 29 (76 S. E. 585); *Burkhalter* v. *Roach,* 142 *Ga.* 344 (82 S. E. 1059); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (3) (112 S. E. 487); 27 R. C. L. 462, § 175.

So we are of the opinion that the Court of Appeals erred in holding that the petition was demurrable for lack of an allegation that the vendor had tendered or offered to tender to the purchasers a deed to this land before bringing suit, for the rea-

son that the covenants of the parties were not mutual and dependent, and because, if they had been such, such tender of conveyance or offer to convey was waived by the refusal of the purchasers to pay the balance of the purchase-money.

*Judgment reversed. All the Justices concur.*