[Civil No. 3443.   Filed October 4, 1934.]

[36 Pac. (2d) 254.]

J. R. HYMER, Appellant, v. SOUTHERN ARIZONA DEVELOPMENT COMPANY, a Corporation, Appellee.

Messrs. Marks & Marks, for Appellant.

Mr. Frank W. Hotchkiss, for Appellee.

LOCKWOOD, J.—Southern Arizona Development Company, a corporation, hereinafter called plaintiff, brought suit against J. R. Hymer and Charlotte Hymer, his wife, hereinafter called defendants, to recover a sum alleged by plaintiff to be due it under a certain contract of purchase and sale. A demurrer to the complaint was overruled and the case was tried to the court. Defendants offered no evidence and judgment was rendered for plaintiff, whereupon this appeal was taken.

The material facts developed by the evidence are nowise in dispute and may be stated as follows:

Defendants on January 7, 1929, entered into a contract of purchase and sale of certain real estate with Porter W. and Lolita M. Womack. The material portions of the contract read as follows:

"That the said parties of the first part, in consideration of the covenants and agreements on the part of the parties of the second part and said parties of the second part agree to buy all that certain lot or parcel of land situate in the County of Maricopa, State of Arizona described as follows, to-wit: . . . for the sum of Forty Two Hundred and no/100 Dollars ($4200.00), gold coin of the United States, and said parties of the second part agree, in consideration of the premises, to pay to the Arizona Title Guarantee & Trust Co., a corporation, in the City of Phoenix, State of Arizona, for the benefit of the parties of the first part the sum of Forty Two Hundred and no/100 Dollars ($4200.00), as follows: One Hundred and Fifty and no/100 Dollars ($150.00), cash, on the signing and delivery of these presents, the receipt whereof is hereby acknowledged, and the balance of Four Thousand and Fifty ($4050.00) Dollars due and payable in installments of $50.00 or more on or before the twentieth day of each and every month, beginning on or before February 20, 1929, until the principal sum is fully paid, together with interest thereon from January 7, 1929, until paid, at the rate of eight (8%) per cent per annum the interest to be first deducted from the regular monthly payments, and the balance to be applied on the principal.

"It is understood and agreed by and between the parties hereto that the parties of the first part hereto hereby reserve the privilege of securing and placing a first Mortgage on the above described property in an amount not to exceed the sum of $2500.00. The amount of such mortgage, when placed, shall be deducted from the then remaining unpaid balance on the principal amount of this contract, and the parties of the second part hereto assume and agree to pay said Mortgage. . . .

"It is further agreed that time is the essence of this contract and in the event of default in payment of any of the payments herein provided to be paid promptly when same become due and payable, or in the event of a failure of the parties of the second part promptly to comply with any of the terms hereof, then the said parties of the first part shall be relieved from all obligations in law or equity to convey said property, and at the option of said parties of the first part the said parties of the second part shall forfeit all right thereto, and all interest of the parties of the second part in and to said lands by reason of this agreement shall thereupon cease and determine, and all moneys theretofore paid under the terms of this agreement to the parties of the first part shall be forfeited to, and retained by, said parties of the first part.

"Said parties of the first part shall execute a good and sufficient warranty deed conveying said property to parties of the second part, and shall place said deed, together with a signed copy of this agreement, in escrow with the Arizona Title Guarantee & Trust Co., said deed to be delivered to parties of the second part as soon as the parties of the second part shall have made said payments, including taxes and assessments, within the time and in the manner aforesaid. And parties of the first part shall further cause the Arizona Title Guarantee & Trust Co., to issue for the benefit of the parties of the second part, its Title Guarantee Policy, and to hold the same in escrow, for delivery with the Deed, guaranteeing the parties of the second part the title to said property at the date of this agreement to be in owner of record, free and clear of all encumbrances, except as hereinafter specified, to-wit: Building and other restrictive covenants attaching to and running with the title to the above described property; the 1929 State and County tax liens; and Mortgages in the amount of $—— in favor of and to be hereafter recorded.

"It is further mutually understood and agreed by and between the parties hereto, as follows: That the said parties of the second part shall enter into possession of the said premises, and shall continue in

such possession for and during the life of this agreement without the payment of any further rent; and in case of default in the payments and conditions of said agreement the said parties of the second part shall surrender possession of said premises to the parties of the first part on demand, a ten days written notice of the default having previously been given, by the parties of the first part to the parties of the second part, herein. . . . ''

Payment was duly made by defendants under the contract until the installments for April to August, 1932, inclusive, were due, but default being made therein, this suit was brought. In the meantime the Womacks, relying on the contract, had mortgaged the property for $2,500, which mortgage was at the time of the suit overdue.

There are five assignments of error, which defendants present under two propositions of law. The first is that it was necessary for plaintiff to both allege and prove that a deed and title insurance had been deposited with the abstract company, as provided by the contract. Assuming that a failure on the part of the Womacks to do these things would justify defendants in refusing to make their payments, we think it was not incumbent on plaintiff to plead and prove it had been done, but on defendants to prove it had not. *Sayre* v. *Mohney,* 35 Or. 141, 56 Pac. 526; *Chastain* v. *Platt,* 166 Ga. 307, 143 S. E. 378. This defendants wholly failed to do.

The second objection is more serious. Defendants claim that the only remedy of plaintiff, by the express terms of the contract, was to recover the premises and retain the money already paid as liquidated damages. In support of this theory they cite the cases of *Armstrong* v. *Irwin,* 26 Ariz. 1, 221 Pac. 222, 32 A. L. R. 609, and *Weatherford* v. *Adams,* 31 Ariz. 187, 251 Pac. 453. In the first case we held

that where the parties have agreed in advance as to the only remedy for a breach of contract by the vendee, they are limited to that remedy. In the second case we said that even though the vendor had a choice of remedies, having exercised that choice, he was bound to take it on the terms agreed to.

In the case at bar the contract gave the choice of remedies to the vendor, which takes it out of the rule of *Armstrong* v. *Irwin, supra,* and the vendor chose to enforce the contract, instead of accepting a termination thereof, which makes *Weatherford* v. *Adams, supra,* inapplicable. We think it comes rather within the doctrine of *Steward* v. *Sirrine,* 34 Ariz. 49, 267 Pac. 598. The clause of the contract herein, which is under consideration, is apparently *verbatim* the same as that construed by us in the case just cited, and we held therein the vendor could, under such a contract, sue for past-due installments and refuse to terminate it. We also pointed out the difference between contracts like that in *Armstrong* v. *Irwin, supra,* and those which did not contain such a stipulation, in *Treadway* v. *Western Cotton Oil etc. Co.,* 40 Ariz. 125, 10 Pac. (2d) 371.

For the reasons aforesaid, the judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.