No. 24,310.

THE FIRST NATIONAL BANK OF ANTHONY, *Appellee*, v. (GRANT KILBORN, GAY NEAL, C. B. WILCOX, EARL H. McVAY, *Appellees*), W. A. REDDING, *Appellant*.

SYLLABUS BY THE COURT.

LIEN ON PERSONAL PROPERTY—*Storage of Goods—Who Entitled to Claim Lien.* At common law a lien for storage of goods exists only in favor of one engaged in that business or in an occupation to which it is incidental, such as that of a carrier or innkeeper, and the statute has not changed the rule.

Appeal from Harper district court; George L. Hay, judge. Opinion filed July 7, 1923. Affirmed.

*Ed T. Hackney,* of Wellington, for the appellant.
*E. C. Wilcox,* and *Myrtle Youngberg,* both of Anthony, for the appellee.

The opinion of the court was delivered by

MASON, J.: In April, 1920, W. A. Redding was running an amusement park at Drury, Kan., and Gay Neal had a portable skating rink, with accessories, including a tent, piano player and skates, at Blackwell, Okla. The rink was brought to the park under an agreement between the two that Redding was to pay the costs of transportation, some $200, which he did, and that Neal was to repay the amount out of the proceeds of operating it, which he did not do. July 6, 1920, Neal mortgaged the outfit to the First National Bank of Anthony for $1,630, the mortgage being duly filed for record. In August, 1920, Neal went away, leaving the rink and appurtenances, which the defendant took down and stored. September 20, 1920, the bank brought replevin against Neal, Reading and others, for the rink and equipment. The plaintiff recovered a judgment, from which Redding, who will be called the defendant, appeals.

The defendant claims a lien on the property, superior to that of the mortgage, for the $200 paid for moving it, and $10 a month for storing it in a building owned by him, after Neal had discontinued its operation.

An instruction was given that if prior to the date of the mortgage Neal turned the property over to the defendant to be held as security for the payment of the $200 the latter would have a first lien upon it for that amount. The defendant testified that such was the case. Neal confirmed the testimony that he was to repay the $200 out of the proceeds of the rink, but added; "At no time did I turn it over to Mr. Redding, and I had no agreement with him by which he was to hold possession of it until I paid him." The jury's finding in favor of the plaintiff, made upon conflicting evidence, is a final determination that there was no contract lien for the $200, because if one existed at all it attached before the execution of the mortgage and was prior to it. And neither the common law nor the statute gave the defendant a lien because of his having paid the transportation charges.

The trial court further instructed that the defendant had no lien for storage charges. If the jury had found that he had a contract lien for the $200 it might be contended that storage charges could be added thereto, but inasmuch as the finding was to the contrary the instruction was not prejudicial unless he was entitled to an

independent lien for storage.  There is no common-law lien for storing goods except in favor of one engaged in that business, or in an occupation to which it is incidental, such as that of a carrier or innkeeper.  (17 R. C. L. 603.)  "At common law bailees other than innkeepers, common carriers, and warehousemen were not recognized as having a lien on the property for mere storage, or for other services that did not enhance the value of the property."  (6 C. J. 1132.)  Nor do we discover that the statute has enlarged the common law in this respect.  The defendant places some reliance upon the language italicized in the section of the statute reading as follows: "Any forwarding merchant, warehouse keeper, stage, express or railway company, hotel-keeper, carrier, *or other bailee not hereinbefore named,* having a lien upon goods which may have remained in store or in the possession of such bailee for six months or more, may proceed to sell such goods, or so much thereof as may be necessary to pay the amount of the lien and expenses, according to the provisions of this act."  (Gen. Stat. 1915, § 6084.)  That phrase however is followed by the words "having a lien upon goods" so that the list of persons to whom liens were already available is not extended by it.

The defendant suggests that he may be regarded as a warehouseman, but the evidence does not warrant treating him as engaged in that business.  He also suggests that he is at all events entitled to a lien against Neal.  If so it is not here material, for the judgment appealed from is merely one for the possession of the property or the amount of the plaintiff's lien in case a return cannot be had.

The judgment is affirmed.