Argued at Pendleton May 2, reversed July 12, 1927.

## OREGON & WESTERN COLONIZATION CO. *v.* T. F. WILLOUGHBY ET AL.

(257 Pac. 812.)

**Bills and Notes—Where Note Payable at Future Date was Immediately After Delivery Indorsed to Holder for Value, Indorsee Held Holder in Due Course.**

1. Where payees assigned and indorsed a note payable at future date for value and immediately after it was delivered to them, indorsee *held* a holder in due course.

---

1.    See 3 R. C. L. 1031.

**Bills and Notes—Holder in Due Course of Matured Unpaid Note can Sue Indorsers (Or. L., §§ 7849, 7858, 7876).**

2.   Holder in due course of promissory note, which was matured and unpaid, had the right to enforce the note against the indorsers, under Section 7849, Or. L., providing that holder in due course may enforce payment against all parties liable on the instrument, Section 7858 setting forth warranties of an indorser, and Section 7876 providing that holder has immediate right of recourse to all parties secondarily liable on dishonor of instrument by nonpayment.

**Pleading—In Action on Purchase-money Note, Pleadings Held to Present Issue Whether Certain Notes were Paid, Thereby Precluding Cancellation of Contract to Purchase and Purchase-money Notes (Or. L., § 7911).**

3.   As respects right to judgment on pleadings, complaint on promissory note, answer alleging note was given for part of purchase price of land, that contract to purchase and note were cancelled, and setting up notice that contract and notes would be canceled in event of failure to pay certain notes within thirty days, and reply denying cancellation of contract and notes, *held* to present an issue of fact as to whether the notes mentioned in the notice of cancellation were paid, so as to prevent the intended cancellation of the contract and purchase-money notes, and discharge of indorsers under Section 7911, Or. L.

**Vendor and Purchaser—Notes for Purchase Price Executed With Contract to Purchase Held Independent Covenants to Pay According to Contract.**

4.   Notes for the purchase price of land, given at the time of the execution of the contract to purchase, *held* independent covenants to pay the purchase price according to terms of contract.

**Bills and Notes—Holder in Due Course of Purchase-money Notes Might Waive Prompt Payment of Interest, Nonpayment of Which Gave Right of Cancellation of Contract Without Injuring Indorsers.**

5.   Due course holder of notes given for purchase price, having the right to cancel the contract and the notes for the nonpayment of interest, might waive the strict compliance with the provision for the payment of interest without injuring the indorsers on the notes.

**Pleading—In Action on Purchase-money Note, Pleadings Held to Show Waiver of Prompt Payment of Interest, Nonpayment of Which Gave Right to Cancellation of Contract to Purchase and Purchase-money Notes.**

6.   Complaint on a promissory note setting forth nonpayment of interest, answer alleging note was given for purchase money, setting forth contract to purchase, which authorized cancellation of contract and notes for purchase money in event of default on interest or principal, and alleging that contract to purchase and notes had

2.   See 3 R. C. L. 1147.

been canceled for default, and reply denying cancellation *held* to show waiver of strict compliance with requirement for payment of interest.

**Pleadings—Reply, not Attacked by Motion or Demurrer, will be Construed Liberally.**

7.  In interpreting a reply not attacked by motion or demurrer, the court will adopt a liberal construction.

Bills and Notes, 8 C. J., p. 196, n. 91, p. 375, n. 96, p. 613, n. 42. Pleading, 21 Cyc., p. 79, n. 4, p. 669, n. 63 New.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

This appeal is from a judgment in favor of the defendants on the pleadings. The complaint is an ordinary action on a promissory note executed in favor of the defendants, Upton and Schee, by one Willoughby and indorsed by them for value to plaintiff. The sufficiency of the complaint is not questioned. As a defense thereto defendants, Upton and Schee, allege that the note is one of several notes given by said Willoughby to them as evidence of his indebtedness to them for the purchase price of a tract of land. They further allege in substance that on the eighteenth day of April, 1919, said defendants, Upton and Schee, "acting for, with and in behalf of themselves and plaintiff therein and with actual notice to and with the approval of said plaintiff, made and entered into one certain contract with Thomas Francis Willoughby, defendant herein, whereby said Upton and Schee did agree to sell and convey unto said Willoughby" said tract of land. The contract price for the land was $2,720. Eight hundred dollars of this amount was paid at the execution of the contract. The balance was to be paid in eight equal annual installments. The note sued upon is the fifth of said annual installments. Defendants, Upton and Schee,

immediately upon the delivery of said contract to them

"sold, assigned and delivered to the plaintiff herein for the express consideration that plaintiff should therewith credit the said Upton and Schee the exact amount of money evidenced thereby upon preexisting indebtedness due plaintiff from said Upton and Schee, said plaintiff thereupon agreeing to assume all rights and privileges of said defendants Upton and Schee under said contract and further agreeing for said transfer and consideration to absolve them from liability under said contract.

"That plaintiff accepted the said contract and notes forming a part thereof, in accord with and on the terms agreed upon between said Upton and Schee and plaintiff and prior to the filing of this action, namely, on or about June 4th, 1921, as hereinafter mentioned, exercising its right as sole owner to and did cancel, terminate and annul the said contract in writing and of which the note mentioned in paragraph II of plaintiff's complaint formed a part";

Defendants, Upton and Schee, further allege, setting out a part of the contract from which we quote:

"Should default be made by said party of the second part, in the payment of the principal or interest aforesaid at the time when the same becomes due, * * said party of the first part may elect to declare this contract terminated, in which case, at the time of said default, or at any time thereafter while said default continues, said party of the first part may give to said party of the second part, notice of its election to terminate this contract, stating in such notice the default complained of, and the whole amount of the purchase price unpaid on said contract, whereupon at the end of thirty days after the service of said notice, unless the whole amount remaining unpaid hereunder shall be sooner paid to said party of the

first part, this contract shall be in all respects terminated and of no further validity or effect; in which case all the rights hereunder of said party of the second part, shall immediately cease and determine, and his license to take and hold possession of said land shall be revoked.

"That on or about June 4th, 1921, plaintiff, as owner of said contract and the said note forming a part thereof did serve upon the defendants herein, and each of them, a written notice of cancellation of the said contract, a copy of which notice is attached hereto and made a part hereof in its entirety. That thirty days thereafter, and before the note described in paragraph II of Plaintiff's Complaint became due and payable the said contract and the notes forming a part thereof were cancelled, null and void and of no further force and effect."

The notice referred to is entitled "Notice of Cancellation of Contract." The notice complies with the provisions of the contract and concludes as follows:

"And whereas default has been made in said contract by the said party of the 2nd part (Willoughby) by his failure to pay any of the interest maturing by the terms of said contract on the unpaid installments of said purchase price, and his failure to pay taxes levied on said land subsequent to the date of purchase thereof, for which reason said Oregon and Western Colonization Co., has elected and does hereby elect to cancel and terminate said contract as by its terms in such case provided, thirty days after the service of this notice, unless within said 30 days the sum of $480 of the principal, falling due under said contract on 4–18–20 and 4–18–21 be paid, with interest thereon at 6% per annum from 4–18–20 to date of payment, and unless within said time the interest on the other deferred installments of principal be paid as required by the terms of said contract. The whole

amount of the unpaid purchase price on said contract is $1920 of principal and interest at 6% per annum from 4–18–20.''

This notice is dated June 4, 1921. The reply denies that the defendants, Upton and Schee, were acting for, with or in behalf of themselves and plaintiff therein, and that plaintiff had actual notice or approved said contract; also denies that plaintiff agreed to assume all or any rights or privileges of said defendants Upton and Schee or either of them to said contract or further agreed or otherwise agreed to said transfer or otherwise or in any manner at all agreed to absolve the defendants, Schee and Upton, or either of them from any liability under said contract; admits that it accepted the contract and the note sued upon, but denies that the same were accepted in accord with or upon the terms agreed by the said Upton and Schee and plaintiff prior to the filing of this action, namely, June 4, 1921, or that it exercised its right to cancel or did cancel, terminate or annul said contract or that the note sued upon is a part of said contract; admits that the copy of the notice set out in defendants' further and separate answer is a true copy of the notice given to the defendants and denies

''that the contract described in defendants' answer was cancelled or that the note sued upon in plaintiff's complaint was cancelled or that any other note or notes were cancelled except those paid in full *prior to the date of said contract* and alleges that the note sued upon in plaintiff's complaint is now and at all times has been since the making thereof in full force and effect.''

The only question presented by this appeal is, ''were the defendants entitled to judgment on the pleadings?''        Reversed.

For appellant there was a brief and oral argument by *Mr. M. R. Elliott.*

For respondents there was a brief and oral argument by *Mr. Denton G. Burdick.*

COSHOW, J.—1, 2. The plaintiff is the owner of the note in due course. The defendants, Upton and Schee, admit in their answer that they assigned and indorsed the note for value to plaintiff immediately after it was delivered to them. Plaintiff has the right to enforce the note against the defendants: Or. L., §§ 7849, 7858, 7876.

3. The defendants base their motion for judgment on the pleadings on their allegation that the note had been canceled. The intentional cancellation of a negotiable note discharges the indorsers: Or. L., § 7911. The note sued upon became due April 18, 1924. The notice relied upon by defendants is dated June 4, 1921, nearly three years prior to the maturity of the note involved herein, and was given because of the delinquency of defendant Willoughby on his notes which became due April 18, 1920, and April 18, 1921. If the contract was actually canceled pursuant to the notice given by plaintiff June 4, 1921, then the note sued upon in this action was canceled according to the terms of the contract between defendants Upton and Schee and their codefendant, Willoughby. Plaintiff denies that this note or the contract was canceled or that any notes were canceled, except those which were paid. The necessary inference from the allegations in the answer to the effect that the contract and note were canceled and the denial in the reply of that allegation is that within the thirty days provided in the notice defendant Willoughby paid the two notes mentioned in the notice of cancellation of contract and thereby prevented the cancellation of the

contract and notes. By the very terms of the contract and the notice given and relied upon by the defendants, Upton and Schee, defendant Willoughby had the right so to do. There was then an issue of fact presented by the pleadings which could not be determined rightfully on a motion for judgment on the pleadings: *Pacific Mill Co.* v. *Inman,* 50 Or. 22 (90 Pac. 1099); *Willis* v. *Holmes,* 28 Or. 265 (42 Pac. 989); *Currie* v. *Southern Pac. Co.,* 23 Or. 400 (31 Pac. 964).

4. The notes were independent covenants to pay the purchase price of the land according to the terms of the contract: *Walker* v. *Hewitt,* 109 Or. 366 (220 Pac. 147, 35 A. L. R. 100).

5–7. The defendants urge that the notice not only includes the two notes which we must infer have been paid but also the provision requiring the payment of interest on the entire amount owing on the contract; that it appears from the complaint that no interest had been paid on the note sued upon, and therefore by the terms of the contract and the terms of the notice we must conclude that the contract and notes not due at the date of the notice were actually canceled because the language of the notice is that plaintiff "has elected and does hereby elect to cancel and terminate said contract." But the plaintiff had a right to waive that provision. Plaintiff could properly and without injury to defendants, Upton and Schee, waive strict compliance about the payment of the interest on the principal. Construing the complaint and reply together it is naturally inferable that plaintiff did waive strict performance of the contract. The reply is not as complete or as specific as it should have been but it was not attacked by motion or demurrer and will be construed liberally.

We can draw no other conclusion from the allegations in the answer and denials in the reply than that defendant Willoughby paid the two notes mentioned in the notice and thereby prevented the cancellation of either the contract or the notes. At any rate an issue of fact is joined on that matter.

We think the expression in the reply "that any other note or notes were canceled except those paid in full prior to the *date of said contract*" is a clerical misprision. We think the pleader referred to the date of filing his complaint. No note was due prior to the date of the contract. The notice itself shows that the two notes which had matured at the date of the notice had not then been paid. Plaintiff should have specifically alleged the payment of the notes after the notice was given in addition to alleging that neither the contract nor notes had been canceled.

Defendants' affirmative answer is not a complete defense to the complaint. In order to make their defense complete it is necessary for them to have alleged that the notes referred to in the notice were not paid according to the terms of the notice, that is, within thirty days from the date thereof. The absence of such an allegation in itself was sufficient ground for denying the motion for judgment on the pleadings in favor of defendants.

It is error, therefore, for the court to grant the motion for judgment on the pleadings. The judgment is reversed and the cause remanded, with permission to the parties to apply for leave to file amended pleadings, and for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.