Argued March 14, reversed June 12, rehearing denied July 17, 1928.

W. M. SMITH v. ROSE APLANALP et al.

(267 Pac. 1070.)

For appellants there was a brief over the names of *Mr. Guy C. H. Corliss, Mr. James W. Crawford* and *Mr. Russell E. Sewall,* with an oral argument by *Mr. Corliss.*

For respondent there was a brief over the name of *Mr. James P. Stapleton.*

COSHOW, J.—■ Questions of fact cannot be tried on a motion for judgment on the pleadings. There was clearly an issue of fact as to the amount of the attorney's fee. The court was without authority to inquire into the facts while considering a motion for judgment on the pleadings: *Oregon & Western Colonization Co.* v. *Willoughby,* 122 Or. 170, 176 (257

Pac. 812); *Spencer* v. *Wolff*, 119 Or. 237, 240 (243 Pac. 548); *Owen* v. *Leber*, 112 Or. 136, 141 (228 Pac. 927).

The answer pleads facts which constitute fraud. That it does is not really questioned by the plaintiff in his brief as we understand it. Plaintiff says in his brief:

"The answer of the defendant alleging fraud and deceit came to this respondent like a blow out of a clear sky, and it is quite obviously made in this case in bad faith, which, of course, is established and shown by the fact that it is made in the face of the fact that appellant, long prior to the time the foreclosure suit was begun, had sold and transferred her interest in the property to Florence Preston."

■ ■ The court cannot say by looking at the pleading, where facts are alleged and admitted by a motion as plaintiff does in this suit, that the pleading is entered in bad faith. Conceding without deciding that if defendant had elected to rely upon the allegations looking toward rescission, plaintiff would have been entitled to judgment on the pleadings because it is admitted in the answer that she had "sold and attempted to sell" the property involved; yet it nowhere appears in the pleadings what the defendant received for the property or whether she had received anything in fact. Sale of the property would not prevent defendant from recovering damages if she suffered any as a result of the admitted deceit and fraud practiced upon her by plaintiff. We say "admitted" because such is the case as the record now stands. By filing the motion for judgment on the pleadings plaintiff admitted the truth of the allegations in the answer. We do not mean to hold as a fact, if the case were here for us to consider the facts,

that plaintiff defrauded the defendant, but we must so hold as the case is presented here.

■ Plaintiff asserts in his brief:

"Appellant, although she does not seem to have conceived it, if her charges of misrepresentation are true, which of course they are not, would have, if she has suffered damages by such deceit as she alleges, a cause of action against respondent to recover such damages provided she had not indulged in conduct or actions which would bar such an action."

But defendant has a right to plead as a defense to plaintiff's suit that she suffered damage as a result of fraud practiced upon her inducing her to purchase the property and give the mortgage. This matter has been settled beyond dispute in this court. *Yokota v. Lindsay et al.*, 116 Or. 641, 645 (242 Pac. 613), where this language was employed by Mr. Justice RAND:

"But, if sued in equity for a foreclosure of a mortgage given to secure the purchase price, he may in such suit set up the damages sustained by way of a recoupment, or equitable defense, although the damages are unliquidated, and when the damages are ascertained, obtain an abatement of the amount due under the mortgage, to the extent of the damage sustained, provided, that the amount of the damage does not exceed the amount due under the mortgage. This latter principle is well settled in this state by *Gabel v. Armstrong*, 88 Or. 84, 90, 91 (171 Pac. 190); *Kreinbring v. Mathews*, 81 Or. 243 (159 Pac. 75); *Hanna v. Hope*, 86 Or. 303 (168 Pac. 518, 519), where it was in effect held, that in a purchase price mortgage foreclosure suit, the defendant may avail himself, by way of recoupment, or equitable defense, of a fraudulent representation, by showing that the goods sold were worth less than they would have been if they were such as they were represented to be and thereby obtain an abatement of plaintiff's

demand, to the extent of the damage the defendant sustained therefrom."

We think the Circuit Court was misled into assuming that the defense of defendant was for a rescission of the contract. If the pleading had been brought to the attention of the court upon a proper motion or demurrer, it might have been held bad and defendant required to amend, but, since it was not so tested and the matter comes up on a motion for judgment on the pleadings, every intendment must be indulged in its favor, and the defense supported if there are facts stated which constitute fraud in the transaction out of which the suit arose regardless of whether those facts are well pleaded or not. Facts constituting fraud are pleaded in the answer and the plaintiff admitted those facts by filing his motion for judgment on the pleadings.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings in harmony with this opinion. REVERSED. REHEARING DENIED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.