Argued April 4, affirmed July 9, 1929.

(For opinion on petition for rehearing, see 130 Or. ——.)

JAMES T. LOGAN ET AL. *v.* ILLINOIS RIVERS DEVELOPMENT CO.

(279 Pac. 274.)

For appellant there was a brief over the name of *Messrs. Jaureguy & Tooze,* with an oral argument by *Mr. Nicholas Jaureguy.*

For respondents there was a brief over the name of *Messrs. Norton & Allen,* with an oral argument by *Mr. Niel R. Allen.*

COSHOW, C. J.—■ Defendant's first point is that questions of fact cannot be tried on a motion for judgment on the pleadings: *Smith* v. *Aplanalp,* 126 Or. 213 (267 Pac. 1070); *Oregon & Western Colonization Co.* v. *Willoughby,* 122 Or. 170 (257 Pac. 812). If there is an issue of fact joined in the pleadings, the decree on the pleadings was improper. Appellant claims that the provision in the decree for attorney's fee is improper because there is no issue joined on that question. For that reason there is no issue of fact involved. Conceding, without deciding, that the court erred in providing for attorney's fee in case redemption should be attempted or made, yet that question is not here in this proceeding. There is no pretense that defendant has attempted to redeem. Defendant was in no way injured by the provision.

It had ten days from the date of the decree in which to redeem. That period expired many months ago. Defendant gave no stay undertaking on appeal. The amount of attorney's fee is of no consequence now.

■ Defendant also argues that since the complaint alleged that ten days was a reasonable time in which to redeem and that allegation was denied, there was an issue of fact joined thereby. But we do not think that the matter of reasonable time in which to redeem is an issuable question of fact. The court must fix that time under the contract. The judge must determine that himself without relying upon the testimony of witnesses. The allegation in the complaint touching that matter is argumentative and a conclusion.

■■ Defendant argues because it alleged in its further and separate answer the understanding between plaintiffs and defendant as to the manner of raising the $5,000 and

"That a few days prior to the first day of April, 1928, and on subsequent occasions, Arthur J. Drews, the President of the defendant corporation, had conversations with the plaintiff, James T. Logan, * * and at these conversations said plaintiff stated although he would not enter into a formal agreement extending the time of payment, nevertheless he did state that if said sum of $5,000 was tendered him subsequent to said first day of April, 1928, he would accept the same and this defendant relied upon said statement * * ."

plaintiffs waived their right to foreclose upon ten days' notice. Defendant relies on *Ewing* v. *Ryan et al.*, 113 Or. 225 (231 Pac. 981); *Gray* v. *Pelton*, 67 Or. 239 (135 Pac. 755); *Kingsley* v. *Kressly*, 60 Or. 167 (111 Pac. 385, 118 Pac. 678, Ann. Cas. 1913E, 746); *Merrill* v. *Hexter*, 52 Or. 138 (94 Pac. 972, 96

Pac. 865); *Neppach* v. *Oregon & Cal. R. R. Co.*, 46 Or.
374 (80 Pac. 482, 7 Ann. Cas. 1035); *Graham* v. *Merchant*, 43 Or. 294 (72 Pac. 1088); Williston on Contracts, §§ 595, 600, 690. The rule relied on by defendant to the effect that a vendee who is lulled into security by the indulgence of the vendor cannot after default be deprived of the right to notice from the vendor before a forfeiture will be enforced is firmly fixed in the jurisprudence of this state. But does the allegation in the affirmative answer bring the defendant within the protection of that rule? Upon a motion for judgment upon the pleadings the allegations of the answer must be taken as true. Does a mere conversation with a vendor in which he says that he will accept an installment after it becomes due prevent him from insisting upon the performance of the contract between him and the vendee when no offer of performance is made by the vendee? It is not contended by defendant that such statement could change the contract between the vendors and the vendee but simply that plaintiffs thereby waived a right to strict performance of the contract. Defendant admits that it has paid nothing on the contract. There is no controversy about any of the material facts. Defendant does not claim to have performed the work required of it in the contract. The work referred to in the further and separate answer was done under the former contract between vendors and the vendee's predecessors. Defendant does not allege or claim that it had done any work under the contract in force nor that it was either able or willing to make the payment due April 1, 1928.

Construing the allegation most strongly against the pleader we are warranted in drawing the conclusion that no work was done by defendant upon the ditch

and that it was unable to make the payment due on April 1, 1928: *Graham* v. *Merchant, supra.* The affirmative answer does not state facts sufficient to bring defendant within the rule upon which it relies. There is no allegation that defendant in any way or manner changed its attitude or situation by reason of the statement made by plaintiffs that they would receive payment after it became due. It is not unlikely that plaintiffs would have been glad to accept payment even after decree, if it had been tendered. Defendant has failed to plead that it did anything by reason of the statement relied upon that it would not have done but for that statement.

Plaintiffs acted promptly. The first day of April, 1928, fell upon Sunday. Defendant therefore had all day on the second in which to make payment of the installment. Plaintiffs gave notice of their intention to foreclose on the earliest date they had a right to. The notice was given as prescribed in the contract: 2 Williston on Contracts, 1134, § 689; 1 Williston on Contracts, 1148, § 595; *Ewing* v. *Ryan,* above. The contract further prescribes:

"And in consideration of the premises and of the possessory rights herein granted, it is especially provided and agreed that all covenants and agreements herein contained are conditions of continuance of the Vendee's rights hereunder and that no forbearance on the part of the Vendors to exact strict or timely performance of any payment, * * on the part of the Vendee to be performed, or delay in declaring a default or forfeiture shall be deemed to waive time as the essence of this agreement, or require a new time to be fixed for performance upon such default or defaults, or to waive any rights arising in the Vendors upon such or any default, * * ."

The provisions of the contract were such as to entail a forfeiture by the force of the terms thereof: *Neppach* v. *Oregon & Cal. R. R. Co., supra; Gray* v. *Pelton,* 67 Or. 239, 244, 245 (135 Pac. 755), and other cases hereinbefore cited; 2 Williston on Contracts, 1621, § 846.

There was no issue of fact to be determined under the pleadings. Plaintiffs did not waive their right to a strict enforcement of the terms of the contract. Defendant was in possession of the premises for a number of months without having paid a cent on its contract to purchase. The property was mining property and any products taken therefrom diminished the value of the property. An ordinary farm will reproduce the products of the soil. A mining claim does not grow gold or other minerals. Plaintiffs did not delay in declaring a forfeiture and seeking foreclosure. An expression of willingness to receive payment after default is not equivalent to accepting payment after default. If defendant had made or tendered payment before foreclosure was begun a different problem would be presented for solution. But defendant did not pay or offer to pay, although plaintiffs expressed a willingness to accept. Plaintiffs gave notice before proceeding and gave that notice promptly after defendant defaulted.

The decree is affirmed.                    AFFIRMED.

McBRIDE, RAND and ROSSMAN, JJ., concur.