Submitted on appellant's petition for rehearing. Former opinion July 9. See *ante,* p. 110. Rehearing denied October 8, 1929.

JAMES T. LOGAN ET Ux. *v.* ILLINOIS RIVER DEVELOPMENT CO.

(281 Pac. 123.)

Rehearing Denied October 8, 1929.

ON PETITION FOR REHEARING.

(280 Pac. 123.)

For appellant, *Messrs. Jaureguy & Tooze.*

For respondent, *Messrs. Norton & Allen.*

COSHOW, C. J.—■ Defendant has presented a petition for rehearing stressing two points. First, it takes issue with the former opinion in regard to attorneys' fees. We think sufficient was said in the former opinion in that behalf: Advance Sheets, July 9, 1929, Vol. 8, No. 21 (279 Pac. 274). Unless some other error was found in the record defendant has no cause to complain of the action of the court below as to the amount allowed for attorneys' fees in case redemption should be made: *James* v. *Ward,* 96 Or. 667 (190 Pac. 1105). Defendant could have saved the question about attorneys' fees by tendering the amount due plaintiffs, except the attorneys' fees. It did not do that and does not offer now to pay the

amount less the attorneys' fees or offer what it would consider reasonable attorneys' fees.

■ ■ The other point is made on the alleged question of fact presented by the allegation in the complaint of having given notice and the denial of that allegation on information and belief. The contract required plaintiffs to give the required notice to The First National Bank of Southern Oregon. The notice is alleged to have been so given. The notice was sufficient whether or not defendant had knowledge of it. Defendant could have ascertained absolutely whether or not notice was given as alleged in the complaint. It did not do that, but denied on in-information and belief that such notice was given. Such a denial under the circumstances was sham. It was the duty of defendant to ascertain whether or not the notice had been given and plead accordingly.

Petition for rehearing denied.