No. 31,419

Carl Latenser, *Appellee*, v. Anna Brumfield et al., *Appellants*.

(28 P. 2d 778.)

Opinion filed January 27, 1934.

*Hugo Orlopp*, of Atchison, for the appellants.

*Gerald W. Foley* and *Steadman Ball*, both of Atchison, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for conversion of a player piano. Plaintiff recovered, and defendants appeal.

Plaintiff is a dealer in musical instruments. He sold the piano to Mrs. Ella Dearen, who resided in Atchison, taking the purchaser's note for the price, secured by chattel mortgage on the piano. Mrs. Dearen removed to St. Joseph, Mo., taking the piano with her without consent of plaintiff. In St. Joseph Mrs. Dearen resided with her daughter, Anna Brumfield, in whose home the piano was kept. Mrs. Dearen died, owing a large part of the price of the piano. Plaintiff made demand on Mrs. Brumfield for possession of the piano, and delivery of possession was refused. Plaintiff discovered that before her death Mrs. Dearen had transferred the real estate on which she resided in Atchison to Mrs. Brumfield. Therefore plaintiff brought suit for damages for conversion in Atchison county, and attached Mrs. Brumfield's real estate there.

The evidence was conflicting, and there were no special findings of fact. This court cannot know how much, if any, of the testimony for defendants was believed, and all of it inconsistent with plaintiff's evidence must be disregarded. The chattel mortgage vested plaintiff with title to the piano. The mortgage contained a provision against removal from Atchison. Its removal without plaintiff's consent gave him right to possession, and the possession of the mortgagor in St. Joseph was tortious. Mrs. Brumfield knew

the facts, and after the mortgagor's death she had no right to possession as against plaintiff. There was testimony that Mrs. Brumfield desired to take over her mother's account and pay the balance due, but when she learned the amount she did not wish to take over the account. When plaintiff sent a man to get the piano, he was told he could not have it, that Mrs. Brumfield wanted something for taking care of it.

Mrs. Brumfield was not a warehouseman. She had no statutory lien for storage, and she had no common-law lien for storage (*National Bank v. Kilborn,* 114 Kan. 29, 216 Pac. 812). There was no proof she did anything involving either effort or expense in taking care of the piano. So far as the evidence disclosed, it simply continued to sit where her mother left it. At no time previous to demand for possession did Mrs. Brumfield intimate she would ask compensation for storage. When possession was demanded she named no time nor rate of storage nor indicated any sum which plaintiff might pay to obtain possession. At the trial she offered no proof of value of anything she did. She testified the piano was a worry to her, and she thought plaintiff should pay her for her worry. Under these circumstances the court was justified in finding as a matter of fact that she neither had nor made a *bona fide* claim for storage of the property, even if she were in position to make such a claim. However, she never did have any rightful claim to possession, a fact which distinguishes the case of *Tire Co. v. Kirk,* 102 Kan. 418, 170 Pac. 811, on which defendants rely. The result is, refusal to deliver the piano on demand constituted conversion.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.